## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ALEXANDER RAIMO, individually and on behalf of all others similarly situated<br><br>    Plaintiff,<br><br>v.<br><br>WASHINGTON UNIVERSITY IN ST. LOUIS<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No.: 4:20-CV-00634-SEP |

## **DEFENDANT'S MOTION TO DISMISS**

COMES NOW Defendant Washington University in St. Louis ("Defendant" or "the University"), and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully moves this Court to dismiss the Complaint filed by Alexander Raimo, individually and on behalf of others similarly situated, in the above-captioned matter in its entirety.  In support of its Motion, Defendant states as follows:

1. Plaintiff filed a three-count Complaint against Defendant on May 12, 2020, purporting to allege claims for breach of contract, unjust enrichment, and conversion.

2. All of Plaintiff's claims are based on allegations that the University's transition to a remote learning environment in the face of COVID-19 diminished the quality and value of the education provided.  As such, each of the three counts must be dismissed under well-developed Missouri law foreclosing claims regarding the quality or value of an education.  *See Soueidan v. St. Louis Univ.*, 926 F.3d 1029, 1034 (8th Cir. 2019) (citations omitted) (holding that Missouri courts do not recognize "claim[s] that educational services provided were inadequate, substandard, or ineffective").

3. Additionally, Count I for breach of contract must be dismissed because Plaintiff has failed to even identify a valid contract that the University allegedly breached.

4. Count II for unjust enrichment also fails because Plaintiff has not pled, and cannot plead, that the University *inequitably* retained the cost of tuition or other fees paid by Plaintiff, nor that his tuition and fees have been used for any purpose other than for the reason the funds were collected—*i.e.*, to further the educational goals of the University.

5. Finally, Plaintiff cannot state a claim for conversion (Count III) because "as a general rule a claim for money may not be in conversion because conversion lies only for a specific chattel which has been wrongfully converted." *Gaffney v. Cmty. Fed. Sav. & Loan Ass'n*, 706 S.W.2d 530, 533 (Mo. Ct. App. 1986). Thus, Plaintiff's claim for the refund of fungible tuition funds and other fees is not cognizable.

6. As set forth more fully in Defendant's accompanying Memorandum in Support of its Motion to Dismiss, filed concurrently herewith, and incorporated herein by reference, this Court should dismiss all of Plaintiff's claims against the University.

WHEREFORE, Defendant Washington University in St. Louis respectfully requests that this Court dismiss the Plaintiff's Complaint in its entirety and to grant such other relief as the Court deems fair and proper, including its attorneys' fees, expenses and costs incurred in defending this action.

Dated: July 27, 2020

Respectfully submitted,

*/s/ Winthrop B. Reed III*
Winthrop B. Reed III, #42840MO
R. Taylor Matthews, III, #60936MO
Sarah A. Milunski, #65112MO
LEWIS RICE LLC
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Tel.: (314) 444-7600
Fax: (314) 241-6056
Email: wreed@lewisrice.com
    tmatthews@lewisrice.com
    smilunski@lewisrice.com

Alan E. Schoenfeld (*pro hac vice* forthcoming)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel.: (212) 937-7294
Fax:  (212) 230-8888
Email: alan.schoenfeld@wilmerhale.com

*Attorneys for Defendant Washington University in St. Louis*