UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDER RAIMO, | ) | |
| individually and on behalf of all others | ) | |
| similarly situated | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cv-00634-SEP |
| | ) | |
| WASHINGTON UNIVERSITY IN | ) | |
| ST. LOUIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Washington University in St. Louis's ("Washington University") Motion to Stay and Bifurcate Discovery. Doc. [32]. This matter is fully briefed. For the reasons set forth below, the Motion is granted in part and denied in part.

### LEGAL STANDARD

In resolving a motion to stay discovery pending disposition of a motion to dismiss, a court considers four factors, including:

> (1) whether the movant has a shown a likelihood of success on the merits of the dispositive motion;
>
> (2) hardship or inequality to the moving party if the matter is not stayed;
>
> (3) prejudice to the non-moving party [if the matter is stayed]; and
>
> (4) the conservation of judicial resources.

*Physicians Home Health Infusion, P.C. v. UnitedHealthcare of the Midwest, Inc.*, No., 2019 WL 4644021, at *3 (E.D. Mo. Sept. 24, 2019). The decision to stay discovery is "generally practical and . . . left largely to the court's discretion." *Id.* (quoting *Dufrene v. ConAgra Foods, Inc.*, 2016 WL 10651947, at *2 (D. Minn. Apr. 7, 2016)).

### DISCUSSION

The balance of those factors favors granting a stay of discovery in this case. In evaluating the likelihood of success on the merits, Washington University "'must show more

1

than the mere possibility' of success on its motion to dismiss, but 'is not required to demonstrate a greater than fifty percent probability' that the motion to dismiss will be successful." *Id.* (quoting *Dufrene*, 2016 WL 10651947, at *3). Washington University's arguments for dismissal are colorable, and for purposes of the motion to stay, Washington University has established more than a mere possibility that the motion to dismiss will be successful.

The Court must also consider potential hardship to Washington University if the motion to stay is not granted and the prejudice to Plaintiffs if it is granted. Given the large proposed class size—potentially thousands of students—and the lack of a central repository containing Washington University's relevant documents, it would be a substantial hardship for Washington University to engage in discovery at this stage. While no discovery requests had been served when this motion was filed, the hardship is not speculative, because "the burden of simply gathering documents" for the thousands of students will be immense and expensive. Doc. [35] at 3. Furthermore, the risk of prejudice to Raimo and other class members is low. Raimo argues that "prompt resolution is vital here given the hardship faced by students" and the increased risk of losing evidence, including inability of witnesses to recall specific facts. Doc. [34] at 5. But Raimo and the class members seek refunds of money already paid, Doc. [1] at 23; therefore, a stay of discovery will not increase their financial hardship, even if they ultimately prevail. The risk of lost evidence or diminished witness recall is also relatively low in a case based on events that took place so recently. A stay will cause Plaintiffs no unfair prejudice.

The fourth factor—conservation of judicial resources—also weighs in favor of granting the stay. In determining whether the stay would conserve judicial resources, "a court examines the breadth of any pending discovery and whether the pending dispositive motion has the potential to resolve the litigation." *Physicians Home Health Infusion*, 2019 WL 4644021, at *6 (quoting *Dufrene* 2016 WL 10651947, at *4). Because the proposed class size is so large, the breadth of the pending discovery is likely substantial. Moreover, if the motion to dismiss is granted in full, it will resolve "all of the issues to which the currently pending discovery in relevant." *Id.* (quoting *Dufrene*, 2016 WL 10651947, at *4).

The Court concludes that the four factors involved in evaluating a stay of discovery pending resolution of a motion to dismiss all weigh in favor of staying discovery until the disposition of Defendant's Motion to Dismiss (Doc. [25]). *See McClanahan v. Webster Univ.*, No. 4:20-cv-00907-MTS (E.D. Mo. filed July 10, 2020), Doc. [46] (granting a motion to stay

discovery). The Court will deny the request to bifurcate discovery at this time, but Defendant may file another motion to bifurcate discovery if the Court denies the motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Stay and Bifurcate Discovery (Doc. [32]) is **GRANTED** with respect to the stay of discovery and **DENIED without prejudice** with respect to the bifurcation of discovery.

Dated this 25th day of January, 2021.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE